IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| M.C. WEST, | * | |
|    Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:07cv00789 SWW |
| | * | |
| | * | |
| FREEDOM FINANCIAL, FIRST UNION | * | |
| NATIONAL BANK, AMERICAN | * | |
| GENERAL, and MOREQUITY, | * | |
| | * | |
|    Defendants. | * | |

ORDER

Plaintiff M.C. West brings this action pro se against Freedom Financial, First Union National Bank ("First Union"), American General, and MorEquity, raising complaints related to a loan she obtained from Freedom Financial in 2000. The defendants that have answered plaintiff's complaint – American General and MorEquity – assert, and plaintiff does not dispute, that American General and MorEquity are one defendant and correctly identified as American General Financial Services of Arkansas, Inc. d/b/a MorEquity, Inc. ("MorEquity").[1]

The matter is before the Court on motion of MorEquity for summary judgment to which plaintiff has responded in opposition. Because the Court determines that subject mater jurisdiction is lacking, the Court dismisses this action on that basis and does not rule on MorEquity's motion for summary judgment.

---

[1] Concerning the defendants that have not answered plaintiff's complaint, plaintiff originally sued First Union but then sought leave to serve Wachovia Bank ("Wachovia"), with which First Union earlier merged according to MorEquity (and not disputed by plaintiff), thus apparently rendering Wachovia the proper defendant as between First Union and Wachovia. The Court granted plaintiff's motion to serve Wachovia but plaintiff later moved to dismiss Wachovia as a defendant, which the Court granted. Concerning Freedom Financial (which refers to "Freedom Financial Services of Arkansas, Inc."), the summons was returned unexecuted by the United States Marshal Service as the address supplied by plaintiff was inadequate. In any case, the record shows that Freedom Financial Services of Arkansas, Inc. ceased operations in 2002.

Subject matter jurisdiction cannot be waived and it is the duty of this Court to raise the issue sua sponte. *State of Mo. ex rel. Mo. Hwy. & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997). When plaintiff originally filed her pro se complaint, the Court was not certain of the precise claims plaintiff was asserting and whether she was asserting some type of claim under federal law concerning the manner in which her loan was obtained or administered, *e.g.*, the Truth in Lending Act.[2] Construing plaintiff's pro se complaint liberally, *see Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints are to be construed liberally, although they still must allege sufficient facts to support claims advanced), and given plaintiff's reference to federal criminal cases in the Eastern District of Arkansas and their relationship to her loan, the Court determined at that time that federal question jurisdiction might be implicated. MorEquity did not challenge this Court's jurisdiction in its Answer to plaintiff's complaint or anytime thereafter. However, the parameters of plaintiff's claims have become clearer with further development of the record and it is now apparent that plaintiff's cause of action is based exclusively on state law; there is no federal question jurisdiction or indication in the record that there is complete diversity of citizenship and that the amount in controversy is greater than $75,000. *See Savage v. Fastnacht*, 317 Fed.Appx. 570 (8th Cir. 2009) (plaintiff has burden to establish federal question jurisdiction or diversity jurisdiction).[3] Accordingly, this case is not

---

[2] The Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq*., governs the terms and conditions of consumer credit by, inter alia, requiring lenders to disclose certain details and conditions pertaining to loans. *Palmer v. GMAC Commercial Mortg.*, — F.Supp.2d —, 2009 WL 1803252 (D.D.C. 2009).

[3] Federal question jurisdiction extends only to civil actions arising under the Constitution, laws, or treaties of the United States. *McLain v. Anderson Corp.*, 567 F.3d 956, 963 (8th Cir. 2009). Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship. *Id*. To determine citizenship, the court looks to the parties' status at the lawsuit's filing. *Id*.

properly in federal court and must be and hereby is dismissed without prejudice for lack of jurisdiction. Judgment will be entered accordingly.[4]

IT IS SO ORDERED this 7th day of August 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[4] MorEquity moved for summary judgment on the following grounds: (1) plaintiff's claims are time-barred in that although plaintiff knew from the start of alleged errors with the loan she took from Freedom Financial in July 2000, she waited more than seven years before she filed suit seeking what could best be described as a reformation of the loan; (2) even if not time-barred, reformation is not awarded for unilateral mistakes under the undisputed facts of this case and plaintiff's failure to exercise ordinary diligence bars any recovery for reformation or rescission; and (3) plaintiff's remaining claims fail as a matter of law because there is no common law or contractual obligation to pay plaintiff's taxes or to escrow other payments for her, and there is no evidence that MorEquity failed to credit plaintiff's account for payments made by her. The Court agrees with MorEquity that liberally construing plaintiff's complaint, it appears that plaintiff seeks reformation of her loan from one for $30,000 to one for approximately $15,306.45. However, the loan in this case originated in July 2000 and plaintiff admits that she knew in 2000 that there were alleged errors with the loan. Plaintiff, however, did not file suit until more than seven years later. In this regard, were jurisdiction not lacking, the Court would have granted MorEquity's motion for summary judgment in its entirety, ruling *inter alia* that plaintiff's claims are barred by the applicable statute of limitation, that there is no basis for tolling the statute of limitation, and that even if not time-barred, any claim for reformation fails as a matter of law.